UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AUSTEN JOHN ANGERS | * | CIVIL ACTION |
| VERSUS | * | NO. 24-688 |
| LAZARO FRANCO, ET AL. | * | SECTION "O" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Austen John Angers' Motion to Compel. ECF No. 37. Defendant Farmers Insurance Company, Inc. timely filed an Opposition Memorandum. ECF No. 38. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is DENIED for the reasons stated herein.

## I. BACKGROUND

Plaintiff filed suit to recover for personal injuries sustained in a car accident involving a car driven by Defendant Lazaro Franco and insured by Defendant Farmers Insurance Company. ECF No. 1-2 ¶¶ 3-5. Plaintiff also sought to recover for additional damages sustained to the vehicle while at the Gerber Collision & Glass yard, but settled that claim. *Id.* ¶¶ 5-6; ECF Nos. 24-25. After removal, Farmers filed a Motion to Dismiss based on failure to timely pay for the requested service in state court, which Plaintiff disputes. ECF Nos. 4, 15. Plaintiff contends that he took extraordinary efforts to locate a service address for Franco, including written discovery to Farmers. ECF No. 26; *see also* ECF No. 37-2 (Interrogatories and Requests for Production dated May 28, 2024). Plaintiff asserts that Farmers has not responded to the four interrogatories and one request

1

for production sent on May 28, 2024.  ECF No. 37 at 2-3.  He demands that Farmers answer on behalf of its insured.  ECF No. 37-1 at 3.

In response, Farmers asserts that it did not respond to the discovery based on a "concern that acquiescence in response to Plaintiff's discovery would constitute a waiver of the defenses raised in Farmers' Rule 12(b)(5) motion."  ECF No. 38 at 2.  Farmers argues that it nonetheless provided the information and documents to Plaintiff's counsel, although the insurance declaration page was delivered late due to being misfiled in connection with Farmers' prior attorney leaving the firm.  *Id.* at 2-4.

## II.     APPLICABLE LAW AND ANALYSIS

Rule 26(d)(1) of the Federal Rules of Civil Procedure precludes a party from seeking discovery until the parties have conferred as required by Rule 26(f), except when the case is exempt from initial disclosures or when authorized by the rules, by stipulation, or by court order.  The requirement for a Rule 26(f) conference is not a mere technicality.[1]  Only after an appearance and the required Rule 26(f) conference may discovery commence.[2]  When the parties fail to hold a Rule 26(f) conference, the court may deem discovery to begin after the Rule 16 conference.[3]

Although Plaintiff has issued discovery, he provides no information regarding whether the parties have held their Rule 26(f) conference, which is required before discovery may commence.  He does not state whether the parties held a Rule 26(f) conference, nor does he identify a date on which such conference was held.  Of course, a Rule 26(f) conference should be held as soon as practicable and, in any event, at least 21 days before the Rule 16 Scheduling Conference.  FED. R.

---

[1] *See, e.g.*, *Chevron USA, Inc. v. Peuler*, No. 02-2982, 2003 WL 139164 (E.D. La. Jan. 15, 2003) (Barbier, J.); *Collier v. Shell Offshore, Inc.*, No. 14-2090, 2015 WL 13048735 (E.D. La. Mar. 17, 2015) (Roby, M.J.).
[2] *Collier*, 2015 WL 13048735 at *1 (citing FED. R. CIV. P. 26(d)(1)).
[3] *Bo-Mac Contractors, Ltd. v. Daigle Towing Serv., L.L.C.*, No. 19-11792, 2020 WL 1812796, at *3 (E.D. La. Apr. 9, 2020) (citation omitted).

CIV. P. 26(f)(1).  Likewise, the record does not reflect a Rule 16 Scheduling Order, presumably due to Plaintiff's difficulties in locating the insured for service.  Without evidence of either the Rule 26(f) conference or a Rule 16 Scheduling Order, Rule 26(d)(1) generally precludes a party from seeking discovery.[4]

Had the parties held the required Rule 26(f) conference, Defendant could not refuse to answer the discovery based on alleged waiver concerns.  Although the Fifth Circuit has recognized the doctrine of waiver by conduct,[5] extensive participation is required; simply complying with a court order to exchange initial disclosures does not effect a waiver.[6]  The Fifth Circuit's decision in *Brokerwood International (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376 (5th Cir. 2004), provides additional guidance.  The court reversed the district court's finding of waiver of a personal jurisdiction defense raised in the answer but not pursued for seven months:

> [I]n several cases other circuits have concluded that a defendant may waive a properly-pleaded personal jurisdiction defense by failing to pursue the defense after including it in an answer. . . .
>
> Although we do not state a bright-line rule, we disagree with the district court and conclude that [the defendant] did not waive its personal jurisdiction objection. [The defendant's] actions, particularly considering that it continued to note its objection to jurisdiction at the preliminary conference and in its discovery responses, do not rise to the level of "sandbagging," or participation that would cause waiver. [The defendant] did not file any counterclaims, much less seek

---

[4] A prematurely served Rule 34 request is considered served on the date of the Rule 26(f) conference.  FED. R. CIV. P. 26(d)(2)(B).

[5] *See, e.g.*, *Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (quoting *Cactus Pipe & Supply Co. v. M/V MONTMARTRE*, 756 F.2d 1103, 1108 (5th Cir. 1985) (quoting 6 C.J.S. APPEARANCES §§ 18, 22 (1975))) (holding that individual defendants' counsel's active participation for months by accepting deposition notices, engaging in settlement discussions, and attending pretrial meetings effected waiver); *PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switz.)*, 260 F.3d 453, 459 (5th Cir. 2001) (acknowledging the "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections"); *see also Magness v. Russian Fed'n*, 247 F.3d 609, 613 n.9 (5th Cir. 2001) (discussing *Broad. Music* and rejecting waiver of service defense argument); *cf. Rodriguez v. Transnave Inc.*, 8 F.3d 284, 289-90 (5th Cir. 1993) (finding no waiver of sovereign immunity defense despite active participation, including filing a motion to dismiss and joining in discovery motions to fully develop facts relating to immunity claim).

[6] *Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2012 WL 5449636, at *2 (E.D. La. Oct. 18, 2012) (rejecting argument that exchange of initial disclosures constitutes a general appearance and thus waives personal jurisdiction defense), *R.&R. approved sub nom. Johsnon v. PPI Tech. Servs. LP*, No. 11-2773, 2012 WL 5438999 (E.D. La. Nov. 7, 2012).

adjudication on the merits of any claims. . . . [The defendant] raised its objections in a motion before the district court; it did not wait until appeal . . . . We are left with only an allegation of strategic timing: that [the defendant] waited until [plaintiff's] motion to preclude had been denied. This is not enough to waive [the defendant's] jurisdictional challenge.[7]

This is simply an extension of the Fifth Circuit's "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections."[8]  Moreover, any waiver concern may be readily addressed through an express reservation of defenses in the written discovery responses.

In its Opposition, Farmers confirms that it provided a copy of the insurance policy declarations page and other insurance information in response to the Rule 34 request and Interrogatory No. 2, as well as Mr. Franco's last known address and others located through Google searches in response to Interrogatory No. 1. ECF No. 38 at 2-3. Farmers likewise explains that it has no information regarding Mr. Franco's destination or the purpose of the travel, as requested in Interrogatory No. 3. *Id.* at 3. With regard to Interrogatory No. 4, presumably there is no express provision in the insurance contract authorizing Farmers to act on Mr. Franco's behalf. Thus, Farmers' counsel cannot automatically act on behalf of Mr. Franco without his consent. *Id.* at 3-4.

### III.    CONCLUSION

Accordingly, for the foregoing reasons, and in light of the absence of any evidence regarding the Rule 26(f) conference or entry of a Scheduling Order, and given the apparent substantives responses outlined above,

---

[7] *Brokerwood*, 104 F. App'x at 379-81.
[8] *PaineWebber Inc.*, 260 F.3d at 459 (citation omitted).

IT IS ORDERED that Plaintiff's Motion to Compel is DENIED.

New Orleans, Louisiana, this ___8th___ day of January, 2025.

                                                DONNA PHILLIPS CURRAULT
                                            UNITED STATES MAGISTRATE JUDGE