UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AUSTEN JOHN ANGERS | * | CIVIL ACTION |
| VERSUS | * | NO. 24-688 c/w 25-406 |
| LAZARO FRANCO, ET AL. | * | SECTION "O" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Austen John Angers' Motion to Quash Subpoena Duces Tecum, to Strike Undersigned Counsel from May Call Witness List, to Bar the Improper Attempt to Depose Undersigned Counsel, and to Order Cessation of *Ex Parte* Communications by Defense Counsel with Santiago Perez.  ECF No. 98.  Defendants Lazaro Franco and Farmers Insurance Company, Inc. timely filed an Opposition, and Plaintiff timely filed a Reply.  ECF No. 104; No. 110.  The Court heard argument on this motion at the November 5, 2025, hearing and took it under submission pending completion of briefing.  ECF No. 105; No. 106.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Quash Subpoena Duces Tecum and to Order Cessation of *Ex Parte* Communications by Defense Counsel with Santiago Perez are DENIED, and Plaintiff's Motions to Strike Undersigned Counsel from May Call Witness List and Bar the Attempt to Depose Undersigned Counsel are DENIED WITHOUT PREJUDICE for the reasons stated herein.

**I.  BACKGROUND**

Plaintiff Austen John Angers filed two suits in state court to recover damages, including past and future lost wages and loss of earning capacity, for personal injuries sustained in an October 2022 car accident involving a car driven by Defendant Lazaro Franco and insured by Defendant Farmers Insurance Company.  ECF No. 1-2 ¶¶ 2-5, 7; Civil Action No. 25-406, ECF

No. 1-2 ¶¶ 2-6. Plaintiff alleges Franco was acting in the course and scope of his employment at the time of the car accident and thus asserts claims of vicarious liability and respondeat superior against Franco's employer, listed as "DEF Company," and the liability insurer of the employer and Franco, listed as "XYZ Insurance Company." ECF No. 1-2 ¶¶ 11-13; Civil Action No. 25-406, ECF No. 1-2 ¶ 8. After removal, on July 11, 2025, Judge Brandon Long issued a scheduling order in this case, setting trial to begin on April 13, 2026, with a discovery deadline of February 4, 2026, and a deadline for amendments to pleadings of August 8, 2025. ECF No. 51.

Plaintiff's counsel is his father. On September 30, 2025, Defendants issued a subpoena duces tecum to Plaintiff's counsel's law firm requesting production of Plaintiff's employment/payroll/personnel file (from January 1, 2018, to September 30, 2025). ECF No. 98-5 at 1-4. Although Defendants also issued a Notice of Deposition for the Production of Records Only purporting to schedule a deposition for the purpose of obtaining the subpoenaed records, Defendants did not serve a deposition subpoena on Plaintiff's counsel. ECF No. 98-5 at 5-7.

On October 14, 2025, Defendants served supplemental disclosures that note Plaintiff's counsel may be called as a witness at trial. ECF No. 98-3 at 2 (Witnesses No. 3). Defendants also served supplemental discovery responses to Request for Production No. 3 (documents pertaining to trip from Sand Springs, Oklahoma, to New Orleans, Louisiana) as ordered by the Court,[1] in which counsel certifies he spoke with Perez regarding whether he or his company has any responsive documents. ECF No. 98-6 at 2.

## II.   THE MOTION

Plaintiff requests the Court (1) quash the subpoena duces tecum issued to his counsel's law firm, (2) strike his counsel from Defendants' potential witnesses list, (3) bar Defendants from

---

[1] ECF No. 90-3 at 5; No. 92 at 14.

2

deposing his counsel, and (4) order their counsel to cease all *ex parte* communications with Perez. ECF No. 98 ¶ 7. Plaintiff contends that adding his counsel as a potential witness and noticing his deposition is an attempt to invade attorney-client privilege as well as to silence, harass and intimidate his counsel. ECF No. 98 ¶¶ 1-3; No. 98-1 at 3. Plaintiff further contends that the subpoena is an improper means of obtain records and that responsive information has already been produced. ECF No. 98-1 at 3 (citing Plaintiff's response to Defendants' Request for Production No. 1); *see* ECF No. 98-10 at 1 (RFP No. 1 and Response), 8-15 (Plaintiff's tax returns for 2018-2021). Plaintiff asserts defense counsel violated the Rules of Professional Responsibility by communicating with the owner of the company that employed Franco because he is a known potential party. ECF No. 98-1 at 2-3.

In Opposition, Defendants argue that Plaintiff worked for his father, and because he seeks to recover past and future wages and loss of earning capacity, his employment, rate of pay, and income are relevant information that can be addressed with his counsel's knowledge and records. *See* ECF No. 104 at 2-3. Defendants indicate there is no intention to ask questions that would implicate attorney-client communications; rather, they seek to develop facts regarding Plaintiff's job performance, attendance, memory, amount and basis of payments, and absences for accident-related medical treatments. *Id.* at 3. Defendants further argue there is no ethics rule that categorically precludes an attorney from speaking with an unrepresented person; rather, communications are allowed provided same are consistent with Rule 4.3 of the Louisiana Code of Professional Conduct. *Id.* at 104 at 6-7. Defendants also assert that Plaintiff has not fully produced the requested documents, specifically the 2022 income tax return. *Id.* at 2, 8.

In Reply, Plaintiff assert he has produced all responsive information for RFP No. 1 and a 2022 tax return may not have been filed because Plaintiff's earned income was under $10,000.

3

ECF No. 110 at 1-2. He further asserts Plaintiff did not derive any income from working at his father's law firm in 2023. *Id.* at 2. Plaintiff also reiterates his arguments regarding alleged violation of Rule 4.3. *See id.* at 2-7.

III. **APPLICABLE LAW AND ANALYSIS**

A. **Motion to Quash**

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure; a party may command a non-party to produce materials, specifically "documents, electronically stored information, or tangible things" in the non-party's possession, custody, or control. FED. R. CIV. P. 45(a)(1)(A)(iii). The non-party has three means of challenging the subpoena duces tecum: (1) written objections, (2) a motion to quash or modify the subpoena, or (3) a protective order. *Id.* at 45(d)(2)(B), (d)(3); FED. R. CIV. P. 26(c).

Although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[2] "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[3] The person filing the motion to quash bears the burden of proof to demonstrate that compliance would impose undue burden or expense.[4] To determine whether the subpoena presents an undue burden, courts consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document

---

[2] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999) (citations omitted), *aff'd,* 209 F.3d 719 (5th Cir. 2000); *see also Zamora v. GC Servs., LP*, No. 15-48, 2017 WL 1861843, at *3 (W.D. Tex. Feb. 17, 2017) (citing *Chamberlain v. Farmington Sav. Bank*, No. 06-1437, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) (citing, *inter alia*, FED. R. CIV. P. 45 advisory committee's notes to 1970 amendment (stating "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"))); *Romac Env't Servs., LLC v. Wildcat Fluids, LLC*, No. 20-581, 2022 WL 1924106, at *4 (W.D. La. June 3, 2022).
[3] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing FED. R. CIV. P. 45(d)(3); 26(c)(1)(D)), *aff'd*, No. 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).
[4] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted) (finding party resisting discovery must show why each discovery request is not relevant or otherwise objectionable).

4

request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[5] "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[6] "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[7] Modification of a subpoena is preferable to quashing it.[8]

Plaintiff moves to quash Defendants' subpoena for his employment/payroll/personnel file from January 1, 2018, to September 30, 2025. However, information as to Plaintiff's earnings is subject to discovery in a personal injury case where Plaintiff seeks to recover for wage loss or loss of earning capacity.[9] As such, the document subpoena is not improper. Further, although RFP No. 1 addressed tax returns, it was limited to 2018-2021 tax returns, and Plaintiff's Response to RFP No. 2 indicates he did not produce a 2022 tax return. *See* ECF No. 98-10 at 2 (RFP No. 2 and Response). Thus, Plaintiff's objection that the subpoena is duplicative of that already produced in response to Defendants' RFP No. 1 is overruled.

At the November 5, 2025, hearing, Plaintiff's counsel represented that all responsive information has been produced because there is no tax return for 2022 as Plaintiff did not work

---

[5] *Wiwa*, 392 F.3d at 818 (internal citations omitted).
[6] *Id.* (citation omitted).
[7] *Id.* (citation omitted).
[8] *Id.*; *Tiberi v. CIGNA, Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *see also Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("[M]odification of a subpoena is generally preferred to outright quashing . . . .") (citation omitted).
[9] *See Tate v. DG La. LLC*, 653 F. Supp. 3d 316, 321 (E.D. La. 2023) ("Numerous courts have recognized that tax information is relevant where a party has placed the subject of his income/earning capacity at issue in the litigation." (citing *Thai v. Miller Truck Lines Inc.* No. 05-1958, 2006 WL 2349605, at *1 (W.D. La. Aug. 11, 2006) (noting that courts routinely direct plaintiffs to execute authorizations for the release of medical, employment, and tax records in personal injury matters."))); *Butler v. Exxon Mobile Refin. & Supply Co.*, No. 07-386, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) ("It has . . . been recognized by numerous courts that tax return information is relevant where a plaintiff has placed the subject of his income/earning capacity at issue in the litigation. [Plaintiff] has placed his income/earning capacity at issue in this case by alleging . . . that he is entitled to 'past and future lost wages and benefits' and damages for 'loss of earning capacity.'" (citing cases)).

that year.  Recording, 12:14:50-12:14-57, 12:16:50-12:17:01.  A party or non-party "cannot produce what it does not have."[10]  When a party or counsel represents that documents do not exist, the court may require a certification or "confirm[ation]" that the discovery at issue does not exist,[11] as control of discovery is committed to the sound discretion of the trial court.[12]  If the other party has or acquires evidence that the representation is false, then other remedies may be sought by motion.[13]  Accordingly, Plaintiff's counsel may supplement the response to certify that the tax return does not exist.

### B. Plaintiff's Request for his Counsel to be Stricken from the Witness List

Plaintiff asks the undersigned to strike counsel's name from Defendants' potential witnesses list.  This is essentially a motion in limine seeking "to secure a pretrial ruling that certain evidence is admissible or inadmissible."[14]  While a motion in limine is a "pretrial request," the matter at issue is "effectively part of the trial process," meaning the matter must be directed to the trial judge, in this case, Judge Long.[15]

---

[10] *ORIX USA Corp. v. Armentrout*, No. 16-63, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016) (quoting *Solorzano v. Shell Chem. Co.*, No. 99-2831, 2000 WL 1145766, at *7 (E.D. La. Aug. 14, 2000)).
[11] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs.*, No. 13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").
[12] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).
[13] *Henderson v. Compdent of Tenn., Inc.*, No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).
[14] *Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.) (brackets omitted) (quoting *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 11-58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases), *aff'd*, 670 F. App'x 285 (5th Cir. 2016).
[15] *Nettles v. Skarbardis*, No. 22-10499, 2022 WL 4090011, at *3 (E.D. Mich. Aug. 15, 2022) (discussing *United States v. Ullah*, No. 04-30, 2005 WL 629487, at *28 (W.D.N.Y. Mar. 17, 2005), *R.&R. adopted*, 2006 WL 1994768 (W.D.N.Y. July 14, 2006), which described the purpose of a motion in limine as "to aid the trial process by enabling the [c]ourt to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitively set for trial, without . . . interruption of, the trial").

### C. Protective Order Regarding Depositions of Opposing Counsel

While the Federal Rules of Civil Procedure do not prohibit taking the deposition of opposing counsel,[16] the request to do so generally provides "good cause to issue a protective order" because depositions of opposing counsel are disfavored and are permitted in only limited circumstances.[17] The Court need not reach that issue, however, because Defendants have not issued a subpoena for a deposition of counsel. Rather, Defendants issued a document subpoena and included a "Notice of Records Deposition" to confirm that the production was complete.

A notice of deposition suffices to compel the appearance of a ***party*** at the scheduled deposition. Mere notice of a deposition, however, is insufficient to compel the attendance of any person not a party.[18] Rule 30 thus provides that a "deponent's attendance may be compelled by subpoena under Rule 45." FED. R. CIV. P. 30(a)(1). As Defendants have not issued a deposition subpoena, there is no properly subpoenaed party and noticed deposition to quash.

### D. Communications with Potential Parties

In addressing restrictions on a lawyer's communications with unrepresented persons, Rule 4.3 of the Louisiana Rules of Professional Conduct makes clear:

> [A] lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in a matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

---

[16] *Shelton v. Am. Motors Corp.*, 805 F.2d, 1323, 1327 (8th Cir. 1986) (citing FED. R. CIV. P. 30(a) (a party may take the deposition of any "person")).
[17] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (citing *Shelton*, 805 F.2d at 1327 (discussing that deposing counsel opposite "disrupts the adversarial system[,] . . . lowers the standards of the profession, . . . adds to the already burdensome time and costs of litigation[, and] . . . detracts from the quality of client representation"); *Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 670, 680 n.2 (2d Cir. 1987) (noting that the tactic of seeking discovery from opposing counsel is generally disfavored)); *accord. Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999).
[18] *Utopia Ent., Inc. v. Claiborne Par.*, No. 03-1355, 2007 WL 4560362, at *1 (W.D. La. Dec. 21, 2007) (citing *El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 484 (9th Cir. 1971)).

Accordingly, Rule 4.3 imposes three requirements on a lawyer when dealing on a client's behalf with an unrepresented person: "first, the lawyer may not imply disinterestedness; second, the lawyer must clear up any misunderstanding about his or her role; and third, the lawyer may not give legal advice if the unrepresented person's interests may be adverse."[19] The word "'knows' denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances."[20] "'Reasonably should know' . . . denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question."[21] "Not every communication between a lawyer and an unrepresented person constitutes 'advice.'"[22] And of course, for a court to find a violation, there must be evidence of an improper communication.[23]

Plaintiff requests the Court order Defendants' counsel to cease *ex parte* communications with Perez because counsel allegedly violated Rule 4.3. ECF No. 110 at 3-4. Plaintiff, however, provides no evidence of an improper communication. Defendants provided evidence of two communications: (1) the September 9, 2025, supplemental response indicating that their counsel spoke with Perez who verified the information provided as a supplement (ECF No. 98-6 at 2); and (2) counsel's September 10, 2025, letter to Plaintiff's counsel informing the latter that they have an equal right to contact Perez's company to ask questions regarding issues in the case as the

---

[19] *In re Guilbeau*, 35 So. 3d 207, 214 (La. 2010); *see also Lloyd v. Elaire*, 408 So. 3d 479, 489 (La. Ct. App. 3 Cir. 2025).
[20] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 2066999, at *6 (E.D. La. May 14, 2008) (quoting LA. RULES OF PRO. CONDUCT r. 1.0(f)).
[21] *Id.* (quoting LA. RULES OF PRO. CONDUCT r. 1.0(j)).
[22] *Zichichi v. Jefferson Ambulatory Surgery Ctr., LLC*, No. 07-2774, 2008 WL 2859232, at *5 (E.D. La. July 22, 2008) (Vance, J.) (citing *First Nat'l Bank of St. Bernard v. Assavedo*, 764 So. 2d 162 (La. Ct. App. 4 Cir. 2000) (woman served with citation and petition by bank suing her family on promissory noted called bank's law firm and was told to have her son call bank; this was not "advice" within meaning of Rule 4.3)).
[23] *See Lloyd*, 408 So. 3d at 489 (finding plaintiff's assertion that defense counsel violated Rule 4.3 "problematic" because "there is no evidence to support it" and then noting the lawyer "did not have any communication with [plaintiff]"); *Lighthouse v. MGA, L.L.C. v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 517 (5th Cir. 2011) (finding no violation of Rule 4.3 because there was "no evidence" of an improper communication); *see also Katrina Canal Breaches*, 2008 WL 2066999, at *7 ("In the absence of proof of any violations of . . . Rule 4.3, no sanctions are warranted.").

company had not retained counsel and then he told Perez that Plaintiff's counsel would contact him, that he could speak with counsel, and he should answer any question truthfully (ECF No. 104 (citing 104-7)). There is no indication that defense counsel stated or implied that he was disinterested, that he knew or should have known Perez misunderstood his role, or that he provided any legal advice.[24] As such, there is no evidence of a Rule 4.3 violation.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Quash Subpoena Duces Tecum is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Counsel from May Call Witness List is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion to Bar the Improper Attempt to Depose Undersigned Counsel is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion to Order Cessation of *Ex Parte* Communications by Defense Counsel with Santiago Perez is DENIED.

New Orleans, Louisiana, this 14th day of November, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[24] *See Assavedo*, 764 So. 2d at 162 (holding that advising unrepresented person to contact opposing party directly was not "advice" as that term "contemplates something of more substance").