UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AUSTEN JOHN ANGERS | * | CIVIL ACTION |
| VERSUS | * | NO. 24-688 c/w 25-406 |
| LAZARO FRANCO, ET AL. | * | SECTION "O" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Coastline Construction and Renovation, LLC's Motion to Compel Plaintiff's Responses to First Supplemental Request for Production of Documents seeking production of a settlement agreement between Plaintiff and Defendants Lazaro Franco and his personal automobile insurer Farmers Insurance Company. ECF No. 184. Plaintiff Austen John Angers filed a timely Opposition Memorandum. ECF No. 186.

No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments of counsel, and the applicable law, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Compel for the reasons stated herein.

## I. BACKGROUND

Plaintiff filed suit to recover for personal injuries sustained in a car accident involving a car driven by Defendant Lazaro Franco, initially naming as Defendants only Franco and his personal automobile insurer, Farmers Insurance Company ("Farmers"). ECF No. 1-2 ¶¶ 1–5.[1] Through amended complaints, Plaintiff added Franco's alleged employers and insurers, specifically, Coastline Construction and Renovation, Inc. and its insurer, State Farm Mutual

[1] Plaintiff also sought to recover for additional damages sustained to the vehicle while at the Gerber Collision & Glass yard, but he settled that claim. ECF Nos. 1-2 ¶¶ 5-6; 24; 25.

Automobile Insurance Company; Coastline Construction and Renovation, LLC ("Coastline"), and its insurer, named as DEF Insurance Company; as well as his own uninsured motorist insurer, Shelter Marine Insurance Company. ECF Nos. 119, 127.

The April 1, 2026, Scheduling Order establishes a discovery deadline of September 29, 2026. ECF No. 147, at 3. The Court extended the deadline for expert discovery but specified that all other deadlines remained unchanged. ECF No. 161. Although the parties sought to continue the trial and other deadlines, the Court denied that request. ECF Nos. 178, 185. Thus, the discovery deadline expired on September 29, 2026.

Just a month before expiration of the discovery deadline, Plaintiff settled his claims against Franco and his personal insurer, Farmers, and those claims were dismissed by Consent Judgment dated August 25, 2026, reserving all claims against other Defendants with whom Plaintiff had not settled. ECF No. 164 ¶¶ 1, 5. The consent judgment specifically reserved Plaintiff's claims against Franco "to the extent collectible coverage is afforded under any other applicable policy of insurance" and retaining Franco as a nominal party "to determine his legal liability for Plaintiff's claims, if any, and to determine the liability, if any, of any other insurers that may provide coverage to, for, or on behalf of [Franco] related to Plaintiff's claims against [Franco]." *Id.* ¶ 3–4.

Six days later, on August 31, 2026, Coastline issued a First Supplemental Request for Production seeking a copy of any compromise or settlement agreements between Plaintiff and either Franco or his personal auto insurer Farmers. ECF No. 184-2. On October 6, 2026, Plaintiff responded, objecting on the basis of confidentiality, attorney-client privilege, work-product doctrine, overbreadth, and relevance. ECF No. 184-3, at 2. After the parties could not resolve their dispute, Coastline filed this motion, arguing that the release is relevant because it has been sued as Franco's alleged employer and the settlement is potentially relevant to whether Plaintiff

has a valid remaining claim against Coastline as Franco's alleged employer. ECF No. 184-1 at 1, 3–4. Coastline argues that, as potential solidary obligors, payment by one obligor may exonerate others. *Id*. at 5 (citing *Foster v. Hampton*, 381 So. 2d 789 (La. 1980); LA. CIV. CODE art. 2091, *et seq*.).

In Opposition, Plaintiff argues that the release of Franco and his personal insurer can have no possible bearing on Coastline's defenses, Louisiana allows a plaintiff to settle with an employee without releasing the employer for its vicarious liability, and Coastline's reliance on *Foster* is misplaced given *Sampay v. Morton Salt Co.*, 395 So. 2d 326 (La. 1981). ECF No. 186, at 2–3. Plaintiff also argues that *Childers v. Rent-A-Center, East, Inc.*, 749 F. Supp. 3d 693 (E.D. La. 2024) is inapposite because that case involved a release that encompassed the same emotional distress damages from all defendants. *Id.* at 5.

## II. APPLICABLE LAW AND ANALYSIS

### A. Timeliness of Discovery Motion

As explained above, the discovery deadline expired on September 29, 2026. Courts generally look to the deadline for completion of discovery in considering whether a discovery motion has been timely filed.[2] "It is axiomatic that to complete discovery means that all disputes relative to discovery must be filed and resolved prior to the discovery deadline."[3] "This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline."[4]

[2] *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) (denying motion to compel as untimely when filed two weeks after discovery deadline).
[3] *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sept. 19, 2017) (citation modified); *see also Rahman v. ExxonMobil Corp*., No. 18-894, 2020 WL 354320, at *10 (M.D. La. Jan. 21, 2020) ("[A] request for discovery from a party 'must be served at least thirty days prior to the completion of discovery' to be considered timely" and thus quashing a document request served 14 days before discovery deadline as untimely); *Hall v. State of Louisiana,* No. 12-657, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014) (holding discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests).
[4] *Galliano Marine Serv., LLC v. Schumacher*, No. 17-9868, 2018 WL 3970751, at *1 (E.D. La. June 4, 2018).

Indeed, the Fifth Circuit has confirmed the district court's discretion to deny as untimely a motion filed after the discovery deadline.[5]

When a party asks the court to address an untimely motion to compel on the merits, the movant must establish good cause under Rule 16(b) to extend the discovery deadline.[6] Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met "despite the diligence of the party needing the extension."[7] When deciding "whether a motion to compel filed after the discovery deadline is untimely and/or should be permitted," courts consider "(1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed," (6) "the age of the case," (7) "any prejudice to the party from whom late discovery was sought," and (8) "disruption of the court's schedule."[8] The Fifth Circuit reviews the trial court's decision to grant or deny a motion

[5] *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018); *see also Vann v. Gilbert*, 482 F. App'x 876, 879 (5th Cir. 2012) (per curiam) (finding no abuse of discretion in denying an untimely motion to compel where the scheduling order required all discovery to be completed); *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (per curiam) (finding no abuse of discretion in dismissing an untimely motion to compel).

[6] *See Parkcrest Builders*, 2017 WL 4156499, at *2 (analyzing motion to compel under good cause standard for changing deadline in a scheduling order under Rule 16(b)).

[7] *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, No. MDL 2328, 2014 WL 1154334, at *3 (E.D. La. Mar. 21, 2014) (quoting *S&W Enters., L.L.C. v. South Tr. Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)); *accord. Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2021 WL 6196978, at *2 (E.D. La. Dec. 30, 2021).

[8] *See Days Inn*, 237 F.R.D. at 398 (collecting cases). In determining whether a party has provided good cause to modify a Scheduling Order, courts examine several factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)); *accord Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). The Fifth Circuit has suggested that the *Geiserman* test is the appropriate analysis where a party seeks to re-open discovery after the deadline has passed. *Pool Prod. Distrib. Mkt. Antitrust Litig.*, 2014 WL 1154334, at *3.

to modify a discovery schedule for abuse of discretion.[9]

Given the August 25, 2026, consent judgment reflecting the settlement, Coastline's August 31, 2026, discovery request, the September 29, 2026, discovery deadline, Plaintiff's October 2, 2026, response, and Coastline's October 20, 2026, filing, the Court finds that Coastline has exercised due diligence to obtain the settlement agreement and resolve this late-arising issue as necessary to establish good cause for consideration of this post-deadline motion to compel. None of the other factors counsel against this finding. Accordingly, the court will address the merits of the motion to compel.

**B. <u>Scope of Discovery</u>**

Courts have broad discretion in discovery matters.[10] Rule 26 of the Federal Rules of Civil Procedure authorizes the parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[11]

At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[12] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at trial.[13] This broader scope is necessary given the nature of litigation,

---

[9] *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020).
[10] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 367 (5th Cir. 2009).
[11] FED. R. CIV. P. 26(b)(1).
[12] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[13] *Id.* This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial; facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding. *Id.* at 590 n.5.

where determinations of relevance for discovery purposes are made well in advance of trial.[14] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[15] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[16] If relevance is in doubt, the court should be permissive in allowing discovery.[17]

**C. <u>Discovery of Settlement Agreement</u>**

Initially, invocation of attorney-client privilege or work product doctrine without delivery of a privilege log identifying any document withheld on that basis is improper.[18] In any event, the discovery request, which seeks documentation of any compromise or settlement including payments,[19] does not call for production of any document that would fall within the protection of either the attorney-client privilege or work product doctrine. Further, as I explained in *Childers*,[20] settlement agreements are not privileged, even if declared confidential by the parties.[21] Indeed, federal courts regularly order the production of settlement agreements, so long as such agreements are relevant under Rule 26(b).[22] Protection of a confidential settlement agreements is generally available via a protective order when the settlement has any relevance to a pending claim or

---

[14] *Id.*
[15] *Id.*
[16] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017).
[17] *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 433 (S.D. Ind. 2010).
[18] *See* FED. R. CIV. P. 26(b)(5)(A) (requiring a party who withholds documents to expressly make the claim and describe the document not produced); 34(b)(2)(C) (requiring a party to specify whether any particular document is withheld based on an objection).
[19] ECF No. 184-2.
[20] 749 F. Supp. 3d at 696.
[21] *Greenfield Com. Credit, L.L.C. v. Catlettsburg Refin., L.L.C.*, No. 03-3391, 2006 WL 8456032, at *5 (E.D. La. Apr. 24, 2006).
[22] *TIGI Linea Corp. v. Pro. Prods. Grp., LLC*, No. 19-840, 2021 WL 1947341, at *7–8 (E.D. Tex. May 14, 2021); *see also Cleveland Constr. Inc. v. Whitehouse Hotel Ltd. P'ship*, No. 01-2666, 2004 WL 385052, at *1 (E.D. La. Feb. 25, 2004).

defense.[23] Accordingly, Plaintiff's objections based on confidentiality, attorney-client privilege and work product are overruled.

While both parties characterize this motion as involving efforts to obtain the *Gasquet* release, the release at issue does not appear to fall within the definition of a *Gasquet* release. A "*Gasquet*" release derives from *Gasquet v. Commercial Union Ins. Co.*[24] and is used "to denote a type of release in which a plaintiff settles with and releases a defendant insured and its primary insurer, but reserves his or her right to pursue additional amounts available through the insured's excess insurance policy."[25] "[A]fter a *Gasquet* release is executed[,] the insured remains in the lawsuit as a 'nominal' defendant while the plaintiff pursues recovery from the excess insurer."[26]

In this case, Plaintiff released Defendant Franco and his personal auto insurer Farmers, reserving all of Plaintiff's rights against Defendant Franco to the extent necessary to recover from any other insurer and his employer, Coastline. ECF No. 186, at 1–2. As the Honorable Sarah S. Vance has explained:

> Although the release is "adorned with language that appears superficially *Gasquet*-like," the release does not implicate the concerns at issue in *Gasquet*. In *Gasquet*, the plaintiff settled with the tortfeasor's primary liability insurer and continued to pursue his claim against the tortfeasor's excess insurer. But here, the sole remaining defendant is RPM Pizza d/b/a Domino's Pizza, which plaintiff alleges is [defendant's] employer. Louisiana law does not require a plaintiff to reserve rights against an alleged tortfeasor to bring a claim against the alleged tortfeasor's employer.[27]

Thus, the release in this case does not appear to be a *Gasquet* settlement.

But Coastline's argument that it and Plaintiff are "potentially solidary obligors so the

---

[23] *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 975 (5th Cir. 2019); *see also Moore v. Wayne Smith Trucking Inc.*, No. 14-1919, 2015 WL 6438913, at *3–4 (E.D. La. Oct. 22, 2015) (holding that discovery of a settlement agreement is only appropriate if it is relevant to the instant litigation).
[24] 391 So. 2d 466 (La. App. 4 Cir. 1980), writ denied 396 So. 2d 921 (La. 1981).
[25] *RSUI Indem. Co. v. Am. States Ins. Co.*, 127 F. Supp. 3d 649, 657 (E.D. La. 2015), aff'd, 667 F. App'x 475 (5th Cir. 2016).
[26] *Id.*
[27] *Roby v. Britton*, No. 20-2257, 2020 WL 7768513, at *2 (E.D. La. Dec. 30, 2020) (citations omitted).

payment by one exonerates the others," is unpersuasive. As the revisions to article 1802 and later Louisiana Supreme Court decisions recognize, the release of a solidarily liable employee does not automatically exonerate the vicariously liable employer.[28] To be clear, "[s]olidary liability is designed to protect the obligee by placing responsibility for the debt fully on the obligors, who can then seek contribution from one another."[29] Although a vicariously liable employer is solidarily liable with a negligent employee, they are not considered "joint tortfeasors."[30] "A joint tortfeasor is one whose conduct (whether intentional or negligent) combines with the conduct of another [to injure] a third party,"[31] but in the employer vicarious liability context, liability is imposed on the employer as a consequence of the employment relationship rather than the employer's own fault or negligence.[32] As such, the employer, here Coastline, may have a right to indemnification.[33] Plaintiff's excerpted and redacted page of the release does not resolve the issue but rather, demonstrates that the release as a whole is relevant.

To the extent that Plaintiff's settlement with Franco as a solidary obligor may reduce his recovery against Coastline as another solidary obligor or impact any tort indemnity rights that Coastline may have against Franco or any other party,[34] the settlement agreement is relevant for discovery purposes and falls within the scope of Rule 26. However, while courts allow discovery of settlement agreements, courts regularly find that the settlement *amount* has no relevance to the

---

[28] *See Etienne v. Nat'l Auto. Ins. Co.*, 759 So. 2d 51, 55 (La. 2000).
[29] *PHI, Inc. v. Apical Indus., Inc.*, 946 F.3d 772, 777 (5th Cir. 2020).
[30] *Sampay v. Morton Salt Co.*, 395 So. 2d 326, 328 (La. 1981).
[31] *Milbert v. Answering Bureau, Inc.*, 120 So. 3d 678, 688 (La. 2013) (quoting *Greer v. Johnson*, 855 So. 2d 898, 901 (La. App. 2 Cir. 2003)).
[32] *Bienville Par. Police Jury v. U.S. Postal Serv.*, 8 F. Supp. 2d 563, 567 (W.D. La. 1998).
[33] *Ayala v. Bailey Elec. Co.*, 318 So. 2d 645, 649 (La. App. 4 Cir. 1975), writ of review issued, 322 So. 2d 770 (La. 1975) (distinguishing between an employer with a right to indemnity when merely vicariously liable from an employer with no right of indemnity when independently negligent); *Appalachian Corp. v. Brooklyn Cooperage Co.*, 151 La. 41, 49 (La. 1922) (same).
[34] *PHI*, 946 F.3d at 777; *see also Farbe v. Cas. Reciprocal Exch.*, 765 So. 2d 994, 996 (La. 2000); LA. CIV. CODE arts. 1800, 1802, 1804–05.

virile share calculation.[35] Thus, the objection based on relevance and overbreadth is overruled in part and sustained in part. Plaintiff must produce a copy of the settlement agreement, but he may redact the amount paid from same.

In accordance with Rule 37(a)(5)(A)(iii), no expense award is appropriate in this case given the settlement date, date of issuance of discovery, the response date, and the timeliness issues associated with the motion.

## III. <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Compel (ECF No. 184) is GRANTED IN PART AND DENIED IN PART as outlined herein.

IT IS FURTHER ORDERED that Plaintiff produce a copy of the settlement agreement, with the settlement amount redacted, to Coastline Construction and Renovation, LLC within 7 days.

IT IS FURTHER ORDERED that the request for attorney's fees and costs is DENIED.

New Orleans, Louisiana, this 4th day of November, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[35] *Davis v. Johns-Manville Prods.*, No.77-2282, 1990 WL 162844, at *1 (E.D. La. Oct. 16, 1990) (precluding discovery of the amount of settlement); *Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir. 1984) (affirming the admission of evidence regarding the fact of settlement by co-defendants "for the purpose of explaining why those parties were not in court"); *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) (approving admission of the fact of settlement into evidence but not the amount of settlement); *Romano v. Metro. Life Ins. Co.*, 221 So. 3d 176, 181 (La. App. 4 Cir. 2017) (explaining that under pre-comparative fault law, "for a solidary obligor's right to receive a 'virile share credit'" the remaining defendant must show that plaintiff released a party and establish the released party's liability at trial), writ denied, 228 So. 3d 747 (La. 2017); *see also Endurance Am. Ins. Co. v. Cheyenne Partners LLC*, No. 20-571, 2023 WL 2268697, at *1 (W.D. La. Feb. 28, 2023) (discussing relevance of settlement to solidarily liable defendants).